IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

v.                                    No. 4:09CR00074 SWW

DEXTER CURRUTH

PRELIMINARY ORDER OF FORFEITURE
Fed.R.Crim.P. 32.2(b)

IT IS HEREBY ORDERED THAT:

1.  As the result of the guilty plea to Counts 1 and 3 of
the Superseding Indictment, and a stipulation of the defendant in
which he agreed to the forfeiture the Government sought pursuant
to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), defendant shall
forfeit to the United States:

a.  All property used or intended to be used in any manner
or part to commit the commission of offenses involving Title 18
U.S.C. Section 922(g)(1).

2.  The Court has determined, based on the evidence already
in the record that the following property is subject to
forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. §
2461(c), and that the government has established the requisite
nexus between such property and such offenses:

1. Lorcin model L 9mm, a 9mm semi-automatic pistol bearing
serial number L075061;

2. Bushmaster Model XM15-E2S, a .223 caliber semi-automatic
rifle, serial number L491069, and ammunition.

4.    Upon the entry of this Order, the United States Attorney
General (or a designee) is authorized to seize the above listed
property and to conduct any discovery proper in identifying,
locating, or disposing of the property subject to forfeiture, in
accordance with Fed.R.Crim.P. 32.2(b)(3).

5.    Upon entry of this Order, the United States Attorney
General (or a designee) is authorized to commence any applicable
proceeding to comply with statutes governing third party rights,
including giving notice of this Order.

6.    The United States shall publish notice of the order and
its intent to dispose of the property in such a manner as the
United States Attorney General (or a designee) may direct.   The
United States may also, to the extent practicable, provide
written notice to any person known to have an alleged interest in
the Subject Property.

7.    Any person, other than the above named defendant,
asserting a legal interest in the Subject Property may, within
thirty days of the final publication of notice or receipt of
notice, whichever is earlier, petition the Court for a hearing
without a jury to adjudicate the validity of his alleged interest
in the Subject Property, and for an amendment of the order of
forfeiture, pursuant to Title 21 U.S.C. §853(n)(2).

8.    Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Preliminary
Order of Forfeiture shall become final as to the defendant at the

time of sentencing and shall be made part of the sentence and included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

9.  Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

10.  After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11.  The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. 853(n)(2) for the filing of third party petitions.

12.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

SO ORDERED this 4th day of January, 2010.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE